JAMES C. ERSKINE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 17493. Promulgated June 18, 1929.

*John S. Myers, Esq.*, for the petitioner.
*W. Frank Gibbs, Esq.*, for the respondent.

## OPINION.

TRAMMELL: The Erskine Corporation sustained a loss for the year 1920 in the amount of $43,806.71, and for the year 1921 in the amount of $1,632.10. The petitioner claims that this corporation was entitled to personal service classification in both taxable years, and that being a personal service corporation, the individual stockholders are entitled to deduct from their personal income the losses sustained by the corporation, such losses to be allocated in proportion to stock ownership. Accordingly, the petitioner asserts that he is entitled to a deduction from his 1920 income of the amount of $35,045.37 as representing his proportionate part of the corporation's loss for that year, and that he is entitled to deduct from his 1921 income the amount of $1,577.70, as representing his proportionate part of the corporation's loss in 1921. The petitioner also claims that after applying his proportionate share of the corporation's loss for 1920 against his personal net income for that year, there remained an excess of $21,109.03, which constitutes a personal net loss deductible from his personal net income for 1921.

A corporation which is subject to tax under the revenue laws is a taxable entity separate and distinct from its stockholders, and a stockholder of such a corporation is not entitled to deduct from his personal income any portion of a net loss sustained by the corporation. This principle is too well settled to require discussion, nor is any contrary contention made in this proceeding. The petitioner asserts his right to the claimed deductions solely on the ground that the Erskine Corporation was, during the taxable years, a personal service corporation not subject to taxation, and that its stockholders are, therefore, entitled to the benefit of its net losses under section 218 of the Revenue Acts of 1918 and 1921, which provides in pertinent part as follows:

Personal service corporations shall not be subject to taxation under this title, but the individual stockholders thereof shall be taxed in the same manner as the members of partnerships. All the provisions of this title relating to partnerships and the members thereof shall so far as applicable apply to personal service corporations and the stockholders thereof * * *.

The respondent has denied personal service classification to the Erskine Corporation for the years 1920 and 1921. The corporation is not a party to this proceeding, and the correctness of the respondent's determination in that regard will be considered by us only in so far as it affects the tax liability of the petitioner herein.

The petitioner has attempted to show by his evidence that the respondent erred and that said corporation was during the taxable years

in fact a personal service corporation. If the evidence does not establish this fact, the petitioner's contention must fail, irrespective of whether or not the stockholder of a personal service corporation is entitled to deduct from his personal income a proportionate part of the net loss of such a corporation.

The Revenue Acts of 1918 and 1921, in section 200, define the term " personal service corporation " as meaning, among other things, " a corporation whose income is to be ascribed primarily to the activities of the principal owners or stockholders." There is no contention that the Erskine Corporation did not meet the statutory requirements for personal service classification in all other particulars. We must, therefore, examine the record before us to determine whether or not its " income is to be ascribed primarily to the activities of the principal owners or stockholders."

The evidence shows that during the taxable years the corporation's income consisted entirely of commissions received for its services in selling the products of certain textile mills. Its three stockholders, Erskine, Fleming, and Hopper, effected between 75 per cent and 80 per cent of the sales, and only a corresponding percentage of its gross income is attributable to their activities. At least 20 per cent or more of the sales were made by the 6 salesmen, who were non-stockholders and whose activities thus contributed to the production of a corresponding portion of the gross income. During the years in question the corporation had about 18 or 19 employees who were not stockholders, or 6 times as many employees in one year as stockholders, and 9 times as many employees in the other year. Under similar facts, we have held that a corporation is not entitled to personal service classification.

In *Patterson-Andress Co.*, 6 B. T. A. 392, we had before us the question whether the income of the corporation there involved was to be ascribed primarily to the activities of the principal owners or stockholders. In that connection, we said:

In our opinion this clause means more than that the stockholders shall obtain the clients and supervise the work, or that clients shall look to their experience; it means, among other things, that the corporation may not rely upon non-stockholders to do a substantial amount of the work which produces the income whether such work be detailed or supervisory. Just as another clause excludes from personal service classification those corporations where capital contributes materially to the income, so does this clause exclude corporations where the services of the employees so contribute.

In the instant case, the Erskine Corporation relied upon its non-stockholding employees to do a substantial amount of the work which produced its income. Not less than 20 per cent of its gross income was derived directly from the activities of its 6 salesmen, who rendered substantially the same income-producing services as the three

stockholders in the first year and the two stockholders in the second. In these circumstances, we can not say that the Erskine Corporation was entitled to personal service classification. See *Continental Accounting & Audit Co.*, 7 B. T. A. 330; *J. H. Cross Co.*, 9 B. T. A. 225; *Albrecht & Weaver, Inc.*, 9 B. T. A. 560; *Crider Brothers Commission Co.*, 10 B. T. A. 338.

In addition to the foregoing reason which impels us to deny the petitioner's contentions, the claimed deductions based upon the corporation's net loss for 1920 must be disallowed on another ground also. The corporation sustained a loss in 1920 of $43,806.71. Of this amount, the petitioner's proportionate part, based upon stock ownership, would be $35,045.37, which he seeks to apply first against his 1920 income, and the excess of $21,190.03 against his income for 1921. Even if the petitioner had himself directly suffered a net loss in 1920, there is no provision of law which authorizes the allowance of any part thereof as a deduction from income for any year. *Keystone Table Co.*, 1 B. T. A. 382.

Reviewed by the Board.

*Judgment will be entered for the respondent.*